IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:25-CR-110 (DNH) |
| | ) | |
| v. | ) | **GOVERNMENT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| **CHRISTOPHER GIL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum respectfully requesting that the Court sentence the defendant to a term of imprisonment within the **guideline range of imprisonment of 78-97 months, to be followed by a supervised release term of 3 years.**

## BACKGROUND

On April 9, 2025, pursuant to a written plea agreement, the defendant pled guilty to Count 1 of one count Information charging Conspiracy to Distribute and Possess with Intent to Distribute Controlled a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). Sentencing is scheduled for September 29, 2025. The defendant is currently in custody.

## OFFENSE CONDUCT

Between May 2024 and August 2024, the defendant was a member of a drug trafficking organization (DTO) operating in and around Albany and Troy, New York. As a member of the DTO, the defendant obtained methamphetamine from his drug supplier, co-conspirator 1 ("CC-1"), and distributed it to others, including a confidential source. Over the course of the conspiracy, the defendant distributed approximately 812 grams of a methamphetamine mixture.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1. **Statutory Maximum Sentence**

a)  **Maximum term of imprisonment:** 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C).

b)  **Maximum fine:** $1,000,000, pursuant to 21 U.S.C. § (b)(1)(C).

c)  **Supervised release term:** Between 3 years and life, to begin after imprisonment. *See* 21 U.S.C. § 841(b)(1)(B).

2. **Guidelines Provisions**

   a. **Offense Level**

The government agrees with the total offense level computation set forth in the Final PSR as offense level 30. PSR ¶¶ 18-27.

   b. **Criminal History**

The government agrees with Probation's computation of the defendant's criminal history category as Category II. *See* PSR ¶ 40.

   c. **Guideline Range of Imprisonment**

Based on a total offense level of 30 and criminal history category of II, the resulting guideline range of imprisonment is 78 to 97 months. The defendant is also subject to a term of supervised release of three years.

## GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully requests that the Court sentence the defendant to a term of imprisonment that falls within the Guidelines range of imprisonment, specifically 78 to 97 months, and order that he complete a three-year term of supervised release. Such a sentence would be sufficient and not greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a), including the need to address the seriousness of the offense, as well as the need

to provide the defendant with drug counseling and educational/vocational training, so that he can function effectively in society, and not revert to criminal activity in order to obtain money to support himself and his family.

**Respect for the Law, Just Punishment, and Deterrence.** The requested term of imprisonment and subsequent supervised release term will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others. As the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Within-Guidelines sentences also promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).[1]

Dated: September 12, 2025               Respectfully submitted,

                                        JOHN A. SARCONE III
                                        Acting United States Attorney

                        By:     */s/ Ashlyn Miranda*

                                        Ashlyn J. Miranda
                                        Assistant United States Attorney
                                        Bar Roll Nos. 700759

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. Fed R. Crim. P. 32(i)(1)(c), (h). Further, the government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the U.S. Probation Office.